[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13577
Non-Argument Calendar

_____

Agency Nos. A79-492-578
A79-492-579

MARIA JANNETH MARCIALES-GOMEZ,
JESUS ALEJANDRO CARDENAS-GUERRERO,
ANGIE ALEJANDRA CARDENAS-MARCIALES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 27, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Maria Janneth Marciales-Gomez, her husband Jesus Alejandro Cardenis-Guerrero, and their minor child Angie Alejandra Cardenis-Marciales (collectively, "Petitioners"), through counsel, petition for review of two decisions from the Board of Immigration Appeals ("BIA"). First, Petitioners challenge the December 13, 2007 Order affirming and adopting the Immigration Judge's ("IJ") order denying the Petitioners' application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT relief").[1]  Second, the Petitioners challenge the BIA's May 23, 2008 Order denying their motion to reconsider.[2]

First, the substance of the Petitioners' arguments on appeal challenges the BIA's December 13, 2007 Order adopting and affirming the IJ's decision. "We review subject matter jurisdiction *de novo*." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1373 (11th Cir. 2006). Pursuant to § 242(a)(1), (b)(1) of the Immigration and Nationality Act ("INA"), in order to review a final order of removal, the petition for review must be filed within 30 days after the date of the order. 8 U.S.C. § 1252(a)(1), (b)(1). "Since the statutory limit for filing a petition for review in an

---

[1] The Petitioners challenge only the BIA's Order affirming the denial of asylum and withholding of removal, not CAT relief. *See* Br. of Pet'r at 11 ("Statement of the Issue"). As such, they have abandoned their claim for CAT relief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005) (per curiam) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

[2] The Petitioners reference the May 23, 2008 Order in the "Statement of Jurisdiction" in their brief.

immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2004) (per curiam) (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995)). "[The finality of a removal order] is not affected by the subsequent filing of a motion to reconsider." *Stone*, 514 U.S. at 405.

We lack jurisdiction to review the BIA's final order of removal issued on December 13, 2007. The BIA's December 13, 2007 Order, affirming the IJ's decision, was a final order of removal. The Petitioners, however, did not file their petition for review until June 23, 2008, more than 30 days later. Thus, their petition as to the December 13, 2007 Order was not timely and, as such, we lack jurisdiction to review any issues resulting from alleged errors in that Order.

Second, the Petitioners expressly challenge the May 23, 2008 Order denying their motion to reconsider.[3] "We review the BIA's denial of a motion to reconsider for an abuse of discretion." *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1) (same).

---

[3] Because the BIA's May 23, 2008 Order denying Petitioners' motion to reconsider is a separate final order, and because they filed the petition for review within 30 days of that Order, we have jurisdiction to review that Order.

The Petitioners have abandoned any challenge to the denial of their motion for reconsideration because they advance no arguments in their brief regarding the May 23, 2008 Order, save a reference to it in the "Statement of Jurisdiction." *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (providing that an argument is deemed abandoned on appeal when not raised in the initial brief). Rather, the Petitioners' entire argument focuses on their underlying asylum and withholding of removal claims.[4]

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, the Petitioners' petition is dismissed in part and denied in part.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[4] Nonetheless, the Petitioners have failed to demonstrate that the BIA abused its discretion in denying the motion for reconsideration.

4